UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTUE, | 1: 08 CV 0138 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| KEN CLARK, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**BACKGROUND**

Petitioner is challenging a parole denial of May 30, 2007. Respondent moves to dismiss the petition on the ground that Petitioner has not exhausted his state judicial remedies in regard to that denial.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the California Substance Abuse Treatment Facility, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28

U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that Petitioner has failed to exhaust his state judicial remedies. Petitioner opposes the motion.

Procedural Basis for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533

1  F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and
2  case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule
3  4.

4  Exhaustion of State Judicial Remedies

5        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
6  petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
7  exhaustion doctrine is based on comity to the state court and gives the state court the initial
8  opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
9  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
10 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

11       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
12 full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.
13 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
14 1996). A federal court will find that the highest state court was given a full and fair opportunity to
15 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
16 basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
17 Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
18 must have specifically told the state court that he was raising a federal constitutional claim. Duncan,
19 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For
20 example, if a petitioner wishes to claim that the trial court violated his due process rights "he must
21 say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A
22 general appeal to a constitutional guarantee is insufficient to present the "substance" of such a
23 federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
24 (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
25 argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074
26 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional
27 guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

28       In this case, Respondent claims in his motion to dismiss that Petitioner filed his petition for

1  writ of habeas corpus with the California Supreme Court on January 7, 2008, only twenty-one days
2  before he filed the present federal petition in this court.  Respondent asserts that as of May 13, 2008,
3  the date of filing of his motion to dismiss, there was no decision by the California Supreme Court.
4        In opposition to Respondent's motion to dismiss, Petitioner asserts that the California
5  Supreme Court has now issued its opinion, resolving Petitioner's petition.  Petitioner argues that he
6  therefore has exhausted his state judicial remedies and that Respondent's motion should be denied.
7  Respondent has not filed a reply to Petitioner's opposition.  It therefore appears that Respondent
8  does not dispute Petitioner's claim that he has now exhausted his state judicial remedies.
9        In light of the foregoing, the court concludes that Respondent's motion to dismiss should be
10 denied.
11
12       Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:
13 1)    that Respondent's motion to dismiss be DENIED; and
14 2)    that this court issue an order scheduling a further response by Respondent.
15
16
17       These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within thirty days
19 after being served with these findings and recommendations, any party may file written objections
20 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
21 Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
22 and filed within ten days after service of the objections.  The parties are advised that failure to file
23 objections within the specified time may waive the right to appeal the District Court's order.
24 <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).
25 IT IS SO ORDERED.
26 **Dated:   December 10, 2008**        /s/  **William M. Wunderlich**
                                                       UNITED STATES MAGISTRATE JUDGE
27
28